IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford,<br><br>    PETITIONER,<br><br>  v.<br><br>Warden Nelson, et al.,<br><br>    RESPONDENTS. | Civil Action No.9:20-cv-02139-TLW-MHC<br><br>**Order** |

This is an action filed by a state prisoner, Lawrence L. Crawford ("Petitioner"). ECF No. 1. This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Molly H. Cherry. ECF No. 58. Petitioner filed objections to the Report. ECF No. 63. This matter is now ripe for the Court's review.

On June 4, 2020, Petitioner filed a 157-page complaint against Warden Nelson, the South Carolina Department of Corrections, "the South Carolina Department of Corrections' Muslim Chaplains", and a defendant named as "Ms. Fox." ECF No. 1. The complaint appears, in light of what can be determined, to allege violations of Petitioner's constitutional rights. The case was assigned to the magistrate judge who issued a Proper Form Order on October 27, 2020. ECF No. 15. The Proper Form Order provided Plaintiff the opportunity to provide the necessary information and paperwork to bring his case into proper form for evaluation and service of process. In the order, the magistrate judge warned Plaintiff that failure to prove the necessary information with a completed and

signed financial certificate, a completed summons form listing each named Defendant, and complete and signed Forms USM–285 for each named defendant within the timetable set forth in the order would subject the case to summary dismissal. *Id.*

Plaintiff did not comply with the proper form order and instead filed a motion to amend/stay, ECF No. 19. Additionally, another inmate, Ron Santa McCray, filed a motion for joinder, ECF No. 23, so as to join petitioner's case. Plaintiff's motion to amend sought to supplement his 157-page complaint to include events that occurred after he filed his complaint. ECF No. 19. His motion to stay requested that his case be stayed "not just due to potential review from the U.S. Supreme Court, but also due to review within the 4th[] Circuit under case 20-7073[,] because a ruling from that court would have a direct impact on the proceedings conducted under [this case]." ECF No. 19 at 12. The magistrate judge denied the motion for joinder on December 10, 2020, finding that joinder of McCray's claims with Petitioner's would be improper. ECF No. 26 at 2. Similarly, the magistrate judge denied Petitioner's motion to amend/stay finding that Petitioner's had not exhausted his administrative remedies with regard to his new claims and that his case could not be stayed because he had not appealed to the either the Fourth Circuit or the Supreme Court. ECF No. 27 at 1–2.

Petitioner filed objections to the magistrate judge's two orders which were reviewed and rejected by this Court. ECF No. 35. Thereafter, Petitioner filed an interlocutory appeal of this Court's order. ECF No. 40. The Fourth Circuit

dismissed Petitioner's appeal for failure to prosecute on January 10, 2022. ECF No. 49–1. Petitioner then sought a writ of *certiorari* from the Supreme Court which was denied on October 3, 2022. ECF No. 58 at 2.

After Petitioner exhausted his appellate options, the case returned to the magistrate judge who issued her Report on November 16, 2022.*Id.*. The Report recommends that the Court dismiss Petitioner's complaint due to Petitioner's failure to bring his case into proper form in accordance with the magistrate judge's original Proper Form Order, *Id.* at 2. In response, Petitioner filed 288 pages of objections to the Report on December 5, 2022. ECF No. 63.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and relevant filings. After careful consideration, the Court concludes that the Plaintiff's objections offer no showing, either factually or legally that the Report should be rejected. Petitioner's voluminous objections attempt to incorporate various arguments and facts related to multiple cases (both his own and other inmates) in both federal and state courts.[1] None of these purported objections is responsive to the Report. Therefore, **IT IS ORDERED** that the Report, ECF No. 58, is **ACCEPTED**, and the Objections to the Report, ECF No. 63, are **OVERRULED**. For the reasons stated in the Report, Plaintiff's complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

December 16, 2022
Columbia, South Carolina

---

[1] Petitioner's objections are co-signed by several other inmates. Additionally, it appears that Petitioner has filed an "affidavit of service" in support of his objections which is co-signed by 15 other inmates. ECF No. 65.